UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTI McCOY,

Plaintiff,

v.

ANISSA DE LA CRUZ and JOHN JONES,

Defendants.

Case No. 1:26-cv-04988-KES-HBK

FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS UNDER FED. R. CIV. P. 4(m) AND DISMISS CASE WITHOUT PREJUDICE

(Doc. 6)

FOURTEEN-DAY OBJECTION PERIOD

Plaintiff Kristi McCoy is proceeding through counsel in this civil rights action against Defendants Anissa De La Cruz, the Warden of Central California Women's Facility ("CCWF"), and John Jones, a CCWF religious leader. (Doc. 1). For the reasons set forth below, the undersigned recommends that Defendants be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). Because no defendants or claims would remain, the undersigned further recommends that this action be dismissed without prejudice, and that the Clerk of Court close this case.

BACKGROUND

Plaintiff initiated this action by filing a counseled Complaint on June 29, 2026. (Doc. 1). The same day, the Clerk of Court issued summons for Defendants, and the Court entered an order

setting a mandatory scheduling conference. (Docs. 3–4). The Court's scheduling order directed Plaintiff to "comply with Fed. R. Civ. P. 4, regarding the requirement of timely serving the complaint," and that failure to do so could "result in the imposition of sanctions, including dismissal of unserved defendants." (Doc. 3 at 1).

On October 6, 2026, the Court issued an Order to Show Cause, observing that more than 90 days had passed since Plaintiff filed her complaint, and she had not filed proof of service. (Doc. 6 at 1–2). The Court directed Plaintiff to show cause why the Defendants should not be dismissed under Rule 4(m). (*Id.* at 2). Plaintiff was directed to respond by October 20, 2026, and was warned that "failure to timely respond to this Order to Show Cause will result in a recommendation that the district court dismiss Defendants under Rule 4(m), dismiss this action since no defendants or claims remain, and as a sanction for noncompliance with a court order under Local Rule 110." (*Id.*).

As of the date of these Findings and Recommendations, Plaintiff has neither filed proofs of service nor responded to the October 6, 2026 Order to Show Cause.

APPLICABLE LAW AND ANALYSIS

A litigant in a federal civil case may serve an individual defendant within a judicial district of the United States by following law of the state where the district court is located or where service is made; or by delivering the summons and complaint personally to the individual, leaving them at the individual's dwelling or usual place of abode with a person of suitable age and discretion who lives there, or delivering them to an authorized agent. Fed. R. Civ. P. 4(e); *see also* Cal. Civ. Proc. Code § 415.30.

If a defendant "is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Thus, absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant. *Id.*

Here, more than 115 days have passed since the summons issued on June 29, 2026. (Doc. 4). Plaintiff was informed of her obligations under Rule 4, and warned that failure to serve could

result in the unserved defendants' dismissal. (Doc. 3 at 1). The Court further ordered Plaintiff to show cause why the Defendants should not be dismissed from this action, and again warned her of the consequences of failure to effectuate service. (Doc. 6). Nevertheless, Plaintiff has neither filed proofs of service, nor responded to the Order to Show Cause.

Therefore, dismissal of Defendants under Rule 4(m) is warranted. *See In re Sheehan*, 253 F.3d 507, 512–13 (9th Cir. 2001); *see also Asbell v. Hamon*, No. 23-1801, 2025 WL 869206, at *1 (9th Cir. Mar. 20, 2025) (Unpub. Mem.) (affirming dismissal under Rule 4(m) where plaintiff failed to effect proper service despite notice and an opportunity to do so, and directing dismissal without prejudice). Because Defendants Anissa De La Cruz and John Jones are the sole defendants, no claims or parties will remain after their dismissal.[1] The undersigned therefore recommends that this action be dismissed without prejudice, and the Clerk of Court be directed to close the case.

Accordingly, it is RECOMMENDED:

1. Defendants Anissa De La Cruz and John Jones be DISMISSED without prejudice under Federal Rule of Civil Procedure 4(m);
2. This action be DISMISSED without prejudice;
3. The Clerk of Court be DIRECTED to close this case.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned,

---

[1] Plaintiff's complaint also names "Does 1 to 30" as defendants, but she does not provide sufficient information about the Does regarding their involvement in the underlying events to properly name them in this action. *See Wilson v. Wash. Tr. Bank*, No. 2:16-cv-00430-JLQ, 2017 WL 3597478, at *3 (E.D. Wash. Aug. 21, 2017) ("For Plaintiff to properly name 'John Doe' defendants, he must provide all of the information he would normally provide if he already knew their names"). Moreover, even if the Does were properly named defendants, their dismissal would be warranted under Rule 4(m). *See Parker v. White*, No. 3:18-cv-05093-BHS-DWC, 2019 WL 1458361, at *4 (W.D. Wash. Feb. 27, 2019) ("all parties, even John Doe Defendants, must be served within 90 days of the filing of an action" (citations omitted)).

"Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: October 27, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE